IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**IRENE MANETZ**                                                                       **PLAINTIFF**

vs.                                                  No. 2:22-cv-11334

**ENDO PHARMACEUTICALS, INC.**                                           **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiff Irene Manetz ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, for her Original Complaint against Endo Pharmaceuticals, Inc. ("Defendant"), states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this claim against Defendant for reinstatement of her employment, lost wages, lost benefits, prejudgment interest, liquidated damages and all other actual monetary losses sustained as a result of Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

### II.  JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Michigan has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts alleged in this Complaint had their principal effect within the Southern Division of the Eastern District of Michigan, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

4.     Plaintiff is an individual and a resident and resident of Oakland County.

5.     Defendant is a Delaware, for-profit corporation.

6.     Defendant's registered agent for service of process is The Corporation Company at 30600 Telegraph Road, Bingham Farms, Michigan, 48025.

7.     Defendant maintains a website at https://www.endo.com/.

### IV.     FACTUAL ALLEGATIONS

8.     Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

9.     Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

10.     Defendant kept records regarding Plaintiff's employment and directly paid her wages for her services.

11.     Defendant has continuously employed 50 or more employees within the two years preceding the filing of this lawsuit.

12.     Defendant is an "employer" within the meanings set forth in the FMLA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

13.     Plaintiff was employed by Defendant from 2014 until May of 2022.

14.     Upon information and belief, in the year immediately preceding April of 2022, Plaintiff worked at least 1,250 hours for Defendant.

15. Defendant employed 50 or more employees at the location at which Plaintiff worked.

16. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FMLA.

17. In April of 2022, Plaintiff applied for intermittent FMLA leave.

18. Defendant requires its employees to apply for FMLA leave through a company called New York Life.

19. In April of 2022, Defendant (through New York Life) verbally approved Plaintiff for FMLA intermittent leave but was waiting for a form from Plaintiff's doctor before issuing final approval.

20. In April of 2022, it was Plaintiff's understanding that she was allowed begin taking intermittent FMLA leave.

21. Between April 22 and May 18, 2022, Plaintiff used 8 days of her FMLA leave.

22. On May 18, 2022, Plaintiff's employment was terminated.

23. In the May 18 termination letter, Defendant alleged that Plaintiff's FMLA leave had been denied, and due to her recent absences she was in violation of Defendant's "Absenteeism Policy."

24. On May 26, 2022, Plaintiff received a letter from New York Life stating that her request for FMLA leave had been approved, and that she was eligible to use 328 hours of FMLA leave through October 10, 2022.

25. On June 6, 2022, Plaintiff received a second letter from New York Life stating that her request for FMLA leave had been approved, and that she was or had been eligible to use 268 hours of FMLA leave through May 17, 2022.

26. After her employment was terminated, Plaintiff contacted Defendant's HR department in an attempt to clear up the misunderstanding about the FMLA leave.

27. On June 10, 2022, Defendant sent Plaintiff a second letter explaining that New York Life had mistakenly notified Plaintiff that her leave was approved through May 17, 2022, and that Plaintiff was actually only approved for leave through April 26, 2022.

28. Defendant terminated Plaintiff's employment because Plaintiff exercised her rights under the FMLA and took intermittent leave.

29. Defendant represented to Plaintiff that her FMLA leave was approved.

30. Plaintiff relied on Defendant's representation by taking FMLA leave.

31. As a result of Defendant's actions, Plaintiff has incurred lost wages, lost benefits and other damages.

### V.     CAUSE OF ACTION—VIOLATION OF THE FMLA

32. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FMLA, 29 U.S.C. § 2601, *et seq.*

33. At all relevant times, Defendant was the "employer" of Plaintiff within the meaning of the FMLA.

34. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

35. Defendant violated the FMLA and applicable regulations by terminating Plaintiff's employment due to her FMLA leave.

36. Defendant wrongfully retaliated against Plaintiff for taking FMLA-protected leave.

37. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages, including, but not limited to, lost wages and salary, benefits, interest in all amounts she would have received calculated at their prevailing rate, and attorneys' fees and costs.

38. Pursuant to the FMLA, Plaintiff is entitled to and seeks reinstatement, damages, an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits or other compensation denied or loss to her by reason of Defendant's violations of the FMLA and interest.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Irene Manetz respectfully prays as follows:

A.   That Defendant be summoned to appear and answer herein;

B.   A declaratory judgment in favor of Plaintiff, decreeing that her federally protected rights under the FMLA have been violated;

C.   Judgment for reinstatement, lost wages and benefits, interest and liquidated damages, front pay, a reasonable attorneys' fee, and costs of the action; and

D.   Such other equitable relief as the Court deems appropriate, including any necessary injunctive relief for Respondent's failure to comply with the requirements of the FMLA.

Respectfully submitted,

**PLAINTIFF IRENE MANETZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com